IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZUFFA, LLC,   No. 2:11-CV-3043-WBS-CMK

    Plaintiff,

  vs.   ORDER

STEVEN P. BARBO, et al.,

    Defendants.

_____/

        Plaintiff brings this civil action seeking damages for copyright infringement. Pending before the court is non-party Joe Hand Promotions' motion to quash (Doc. 19) a subpoena duces tecum served on it by defendants.   The parties stipulated to have the matter decided on the briefs without oral argument.

        In its motion, Joe Hand Promotions argues that the subpoena must be quashed because: (1) it was not served on plaintiffs; and (2) it seeks documents which are "confidential in nature." Under Federal Rule of Civil Procedure 45(b)(1), where a subpoena commands the production of documents, as does the subpoena in this case, ". . . before it [the subpoena] is served, notice must be served on each party."  Eastern District of California Local Rule 250.5(c) provides: "Subpoenas duces tecum directed to parties or non-parties shall be served on all parties

to the action an on the non-party." Joe Hand Promotions argues that no advance notice of defendants' intention to serve a subpoena was served prior to service of the subpoena.

While defendants failed to provide prior notice under Rule 45(b)(1), defendants complied with Local Rule 250.5(c) by serving the actual subpoena on all parties and Joe Hand Promotions. The court notes that plaintiffs and Joe Hand Promotions are represented in this action by the same counsel. Therefore, service on plaintiff's counsel accomplished service on Joe Hand Promotions as well. Despite the lack of prior notice, the court concludes that the subpoena need not be quashed on this basis. Rule 45(c)(3) sets forth the situations where a subpoena must or may be quashed. Lack of prior notice is not a basis to quash listed in the rule. While Rule 45(c)(A)(i) requires that the subpoena provide reasonable time to comply, Joe Hand Promotions does not argue in this case that the subpoena provided inadequate time to comply.

Turning to Joe Hand Promotions' second argument, Joe Hand Promotions presents no argument or authorities in support of its contention that defendants' subpoena seeks materials which are "confidential in nature." Joe Hand Promotions' conclusory argument regarding confidentiality is rejected.

Accordingly, IT IS HEREBY ORDERED that:

 1. Joe Hand Promotions' motion to quash (Doc. 19) is denied; and

 2. Joe Hand Promotions shall comply with defendants' July 4, 2012, subpoena within 20 days of the date of this order.

DATED: August 8, 2012

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE